<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN MENKE and<br>ROBERT MENKE, | : | Hon. Joseph H. Rodriguez |
|       Plaintiffs, | : | Civil Action No. 10-2585 |
| v. | : | **MEMORANDUM OPINION**<br>        **AND ORDER** |
| MICHAEL BAKER, MICHAEL STONNELL,<br>THE CITY OF BRIGANTINE, BRIGANTINE<br>POLICE DEPARTMENT,<br>      Defendants. | :<br><br>: | |

<u>**RODRIGUEZ**</u>, Senior District Judge

      This matter is before the Court on a motion for reconsideration of this Court's June 19, 2012 Opinion and Order granting in part and denying in part Defendants' motion for summary judgment. Defendants Trooper Michael Baker and Trooper Michael Stonnell ("Trooper Defendants" or "Defendants") move for reconsideration of the Court's denial of summary judgment with respect to Plaintiff Robert Menke's false arrest claim based on the discovery of new evidence. Relying on that evidence, Defendants seek dismissal of the claim based on judicial estoppel. The Court has considered the written submissions of the parties. For the reasons discussed below, Defendants' motion will be denied.

<u>**I. Background**</u>

<u>**A. Factual Background**</u>

      The Court relies on the underlying facts as detailed in its prior opinion. <u>See</u> <u>Menke v. Baker</u>, Civ. No. 10-2585, 2012 WL 2339825 (D.N.J. June 19, 2012). As discussed therein, following the incidents and arrests giving rise to this case, Kevin and

Robert Menke ("the Menkes") were charged with disorderly conduct in violation of N.J.S.A. 2C:33-2A(1), among other charges. Menke, 2012 WL 2339825 at *3. While the disorderly conduct charge against Kevin was downgraded as part of a plea agreement, the charges against Robert were dismissed for reasons that were disputed by the parties. Id. Defendants argued that the charges against Robert were dismissed in connection with Kevin's plea agreement. Defendants now contend that Robert's charges were dismissed pursuant to an agreement in which Robert admitted (1) that he participated in the incident that was the basis of the charges and (2) that the original charges brought against him were properly brought. (Def.'s Br. 2; Decl. of Michael H. Freeman ("Freeman Decl.") Ex. "B.")

According to Defendants, Plaintiffs provided Defendants with a transcript of an October 30, 2008 municipal court criminal proceeding in discovery. (Freeman Decl. ¶ 2.) Defendants submitted and relied on this transcript in connection with their motion for summary judgment. Defendants assert that they believed that the transcript Plaintiffs provided "constituted the entirety of the municipal court proceedings involving plaintiffs" and that Defendants were "unaware of any additional municipal court proceedings" or the existence of any other transcripts. Id.

At oral argument on May 23, 2012, the Court questioned Defendants as to their contentions regarding the disposition of Robert's criminal charges and the absence of support for Defendants' assertions within the municipal court transcript. Defendants' counsel asserts that on the following day, prompted by the Court's questions, his office made inquiries to the municipal court clerk as to whether additional proceedings occurred on October 30, 2008 involving Plaintiffs' criminal charges that were not

reflected in the existing transcript. (Id. at ¶3.) Sometime thereafter, the clerk confirmed the existence of an additional proceeding, and on June 13, 2012, Defendants ordered a transcription of the proceedings. (Id. at ¶ 4.) Defendants' counsel received the transcript on June 19, 2012, the same day the Court issued its decision. (Id.)

**B. Procedural History**

Plaintiffs filed this suit on May 19, 2010 pursuant to 42 U.S.C. § 1983 asserting claims against Defendants for violations of their Fourth Amendment rights premised upon unlawful arrest/false imprisonment, unreasonable seizure of property, and malicious prosecution. Plaintiffs also alleged claims against the City of Brigantine and the Brigantine Police Department for unlawful arrest/false imprisonment and failure to train. All defendants moved for summary judgment. [Dckt. Entry ## 37, 40.] On June 19, 2012, the Court issued an Opinion and Order granting the Brigantine Defendants' motion. [49, 50.] The Court dismissed Kevin Menke's false arrest claim against the Trooper Defendants without prejudice and granted the Trooper Defendants' motion with respect to Kevin's remaining claims. [50.] Summary judgment was granted as to Robert Menke's unreasonable seizure and malicious prosecution claims, but denied as to Robert's false arrest claim. [50.]

**C. The Court's June 19, 2012 Opinion and Order**

In their motion for summary judgment, Defendants argued that Plaintiffs' claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) because success on the § 1983 claims would imply the invalidity of the outcome of Plaintiffs' criminal charges. On this basis, the Court dismissed Kevin Menke's false arrest claim because Kevin admitted to misconduct and pleaded guilty to an offense. See Menke, 2012 WL 2339825 at *7-*8. As

3

to Robert, however, the Court found that

> Robert's claim is another matter. The charges against Robert were apparently dismissed, but the parties dispute why this was so. The Troopers point to the transcript of the municipal court proceeding in which Kevin's plea was entered and claim that Robert's charges were dropped as part of Kevin's plea agreement; however, nothing in the transcript as submitted indicates the outcome of the charges against Robert, let alone the reason for that outcome. In addition, when the municipal prosecutor proffered the plea agreement on the record, he spoke only of Kevin and made no mention of Robert. Freeman Decl., Ex. "I" 5:17-24. The record does not support the Trooper Defendants' assertion that the charges against Robert were dropped as part of Kevin's plea agreement. . . . Heck is concerned with judgments in civil proceedings that would necessarily imply the invalidity of a criminal conviction; here, Robert was never convicted and nothing in the record indicates that he pleaded guilty to any offense. Thus, it does not appear that Heck presents a bar to Robert's unlawful arrest claim. Accordingly, Robert's claim will not be dismissed pursuant to Heck v. Humphrey.

Id. at *8.

The Court next addressed probable cause and qualified immunity with respect to Robert's false arrest claim and found that, viewing the facts most favorably to him, "the evidence may reasonably support a determination that probable cause did not exist to arrest him." Id. at *9. Because there were facts in dispute and issues of credibility related to the issue of probable cause, the Court found it could not determine whether probable cause existed or grant Defendants qualified immunity. Id. Accordingly, the Court denied summary judgment as to Robert's false arrest claim.

## II. Discussion

## A. Motion for Reconsideration

Motions for reconsideration in the District of New Jersey are governed by Local Civil Rule 7.1(i), which provides:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or

> Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Reconsideration is "an extraordinary remedy" and as such, motions are granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration may succeed based upon on (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." Leja v. Schmidt Mfg., Inc., 743 F. Supp. 2d 444, 456 (D.N.J. 2010). In general, reconsideration is permitted only when "'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). A party seeking reconsideration "must come forward with something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995). As such, "a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling." Leja, 743 F. Supp. 2d at 456.

Where a party moves for reconsideration based on previously unavailable evidence, relief is unavailable "where the evidence provided in support of such a motion was available but was not submitted" with the prior motion. Baker v. Allen, Civ. No. 03-2600, 2006 WL 2226351, *4 (D.N.J. Aug. 3, 2006); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration"). For the purposes of a motion for reconsideration, "'new evidence' . . . does not refer to evidence that a party

obtains or submits to the court after an adverse ruling." Howard Hess Dental Laboratories Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010). The key feature of "new evidence" is that the party could not have submitted the evidence earlier because it was unavailable. Id. Reconsideration of such evidence is permissible only when the evidence would alter the disposition of the case. Interfaith Cmty. Org. Inc. v. PPG Indus., Inc., 702 F. Supp. 2d 295, 317 (D.N.J. 2010), reconsideration denied (July 12, 2010).

      Defendants move for reconsideration on the basis of newly discovered evidence, namely, the additional municipal court transcript which addresses the disposition of the charges brought against Robert and which was not submitted by either party as part of the prior motion. The Court is not satisfied that the new transcript is proper new evidence for a motion for reconsideration. While Defendants assert that they were unaware of any additional criminal proceeding involving Plaintiffs, the transcript upon which they now rely belies that statement. Defendant Baker apparently attended the hearing and was present for the disposition of Robert's charges.[1] (Freeman Decl. Ex. "B"

---

[1] Though Defendants characterize the transcript of the dismissal of Robert's charges as an "additional proceeding," the transcript appears to demonstrate that the disposition of Robert's charges took place shortly after the disposition of Kevin's charges during the same court appearance. The new transcript, then, does not appear to be evidence of a newly discovered or additional proceeding, but a continuation of the proceeding already entered into the record. The original transcript makes clear that charges against both Kevin and Robert were to be subjects of the hearing. (Freeman Decl. Ex. "A" 3:1-15; 5:15-16.) As the Court observed at oral argument and in its Opinion, however, it is apparent that the disposition of Robert's charges were not addressed in the portion of the transcript originally submitted. In addition to Trooper Baker's presence at the hearing, these facts render Defendants' claim that they were unaware of criminal proceedings concerning Robert or that this evidence is "newly discovered" is untenable.

3:3-6.) After oral argument, while Defendants' motion was still pending, Defendants state that Counsel discovered that the additional record existed, yet Counsel did not notify the Court or seek leave to supplement Defendants' argument prior to the Court's issuance of its Opinion and Order. Because Trooper Baker had first-hand knowledge of proceedings regarding Robert's criminal charges, and Defendants had the opportunity to alert the Court of the additional proceedings prior to the Court's decision, the new transcript is not evidence that "was unavailable or unknown at the time of the original hearing" as required for a motion for reconsideration. Damiano v. Sony Music Entm't, Inc., 975 F. Supp. 623, 636 (D.N.J. 1996).

      Despite these shortcomings, however, the Court has discretion to consider the new evidence if necessary in the interest of justice. See, e.g., Diaz v. Lezanski, Civ. No. 09-223, 2011 WL 3651348, *2 (D.N.J. Aug. 18, 2011) (considering evidence plaintiff previously possessed "to prevent a manifest injustice and further waste of judicial resources"). Here, if the dismissal of Robert's criminal charge was conditioned upon his stipulation that the original charge was properly brought, it would constitute a manifest injustice to allow him to proceed on a civil claim alleging false arrest. He could not admit to the propriety of the criminal charges in order to gain the benefit of their dismissal and subsequently premise a civil suit on their alleged impropriety. See e.g., Chaffee v. Kraft Gen. Foods, Inc., 886 F. Supp. 1164, 1169 (D.N.J. 1995) )("A party must not be permitted to 'play fast and loose with the courts' by asserting one position when faced with a criminal penalty, then a contrary one when later seeking a civil remedy"). Accordingly, the Court should grant the motion for reconsideration and consider the newly submitted transcript if necessary to prevent manifest injustice. If, however, the

evidence does not support Defendants' contention regarding the dismissal of the charge against Robert, the risk of manifest injustice is not present and the newly submitted evidence would not "alter the disposition of the case." Interfaith Cmty. Org. Inc., 702 F. Supp. 2d at 317. If that is the case, the motion will be denied.

Defendants argue that Robert's admission that the criminal charges against him were properly brought bars his false arrest claim under the doctrine of judicial estoppel. At the criminal proceeding, Robert's charges were dispensed as follows:

> MR. GASBARRO: And, Your Honor, now there's a case against Robert Menke brought at the same time by the state officer and it was under S-2008-000149. The original charge was disorderly conduct, 2C:33-2(a)(1), and I can say on the record in the presence of the State Officer Baker who's here that we evaluated the conduct of the two parties, Mr. Robert Menke was present, we believe the officer acted properly in considering these charges against Robert Menke, but that in light of the fact that Kevin Menke has pled guilty under the city ordinance, Robert's conduct was significantly different, and for that reason the State would choose not to prosecute Mr. Robert Menke with the understanding that he agrees that the original charges were properly bought–brought, that he participated in the incident to a certain extent, and the State is just choosing not to prosecute him, and he's represented by Mr. Lord.
>     MR. LORD: That's correct, Mr. Gasbarro.
>     THE COURT: Okay. So based on the representations, then I'm going to dismiss the charge against Robert Menke.

(Freeman Decl. Ex. "B" 3:1-22.)

It is not clear from this record that the dismissal of the charge against Robert was conditioned upon his admission that the charges were properly brought or that Robert so admitted. Mr. Gasbarro, the municipal prosecutor, represented to the court that "in light of the fact that Kevin Menke has pled guilty under the city ordinance, Robert's conduct was significantly different, and *for that reason* the State would choose not to prosecute Mr. Robert Menke . . . ." Id. (emphasis added). The additional statements that

8

the State did so "with the understanding" that Robert "agrees" that the charges were properly brought do not provide a clear indication that the charges were dismissed *because* or *only if* Robert so agreed. Nor is it clear that the statement of Mr. Lord, Robert's attorney during the criminal proceeding, constituted an admission that Robert did agree, and Mr. Lord asserts that it did not.

Plaintiff submits an affidavit of Darrin Lord, who represented Robert at the criminal proceeding. Mr. Lord affirms that neither he nor Robert agreed that the charges were properly brought as part of the State's dismissal of the charges and that at no time were they requested to do so. (Aff. of Darrin Lord, Esq. ("Lord Aff.") ¶¶ 3, 6.) Mr. Lord further affirms that his reply, "That's correct, Mr. Gasbarro," was responsive only to Mr. Gasbarro's comment that Mr. Lord represented Robert and nothing more. (Id. at ¶ 7.) According to Mr. Lord, he "was never asked to agree to such a condition of dismissal," "never discussed such a statement or condition of dismissal" with Robert, and no such agreement was made. (Id. at ¶ 8.)

Judicial estoppel may be properly applied where (1) the party to be estopped has taken two positions that are irreconcilably inconsistent, (2) the party changed his or her position "in bad faith-i.e., with intent to play fast and loose with the court," and (3) it is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. Montrose Med. Group Participating Sav. Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001). Here, given the lack of clarity of the colloquy in the transcript itself and the representations of Mr. Lord, the Court does not find that Plaintiff has taken two positions that are irreconcilably inconsistent such that

Robert may be estopped from alleging false arrest.[2] The record indicates that there were reasons for the State's voluntary dismissal of the charges against Robert independent from the alleged admission. The Court therefore finds that justice does not require consideration of the improper new evidence. Even if the Court were to consider the transcript, judicial estoppel would not apply and thus the disposition of the Court's prior decision would not change. Accordingly, the motion for reconsideration will be denied.

**III. Conclusion**

This matter having come before the Court on a motion for reconsideration on behalf of Defendant Michael Baker and Defendant Michael Stonnell, and the Court having considered the written submissions of the parties, and for the reasons discussed above,

IT IS on this 1st day of August, 2012 hereby ORDERED that the motion for reconsideration is DENIED.

                                                            /s/Joseph H. Rodriguez
                                                           Hon. Joseph H. Rodriguez,
                                                           United States District Judge

---

[2] Defendants compare the facts regarding the disposition of Robert's charge to the stipulation by Kevin's attorney at the criminal proceeding that the Controlled Dangerous Substance charge was properly brought, which the Court observed in its prior Opinion in relation to Kevin's malicious prosecution claim. See Menke, 2012 WL 2339825, at *9, n. 3. The statement by Kevin's attorney in that instance, however, was definitive: "Judge, we'd certainly stipulate that [the medications] were not in . . . the valid prescription bottle and the officer certainly had a right to bring the charge initially." (Freeman Decl. Ex. "A" 5:1-4.) Neither Mr. Lord nor Robert made such a direct and plain statement or admission and, to the contrary, Mr. Lord asserts that no such admission was made.